UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

BERNARDO DUBON, ARTURO
CASTANEDA and RAMON AVILA,

     Plaintiffs,

   - against -

V & P USED PALLET, INC., JOHNNY
PORAN, KEVIN POORAN, and
FATIMA POORAN,

     Defendants.

-----------------------------------------------------------------X

**24 Civ. 5041 (GS)**

**<u>ORDER APPROVING
SETTLEMENT</u>**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of the parties' fully executed Settlement Agreement

and Release of Wage and Hour Claims (the "Settlement Agreement") in this case

involving claims under the Fair Labor Standards Act ("FLSA") (Dkt. No. 44-1 ("Sett.

Agmt.")), as well as counsel's letter seeking approval thereof pursuant to *Cheeks v.*

*Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015) (Dkt. No. 43 ("Ltr.")) and

accompanying declaration from counsel (Dkt. No. 44 ("Morales Decl.")). After

carefully reviewing these materials, I find that the Settlement Agreement warrants

approval under *Cheeks*.

First, the economic terms of the Settlement Agreement, including the

settlement amounts for each Plaintiff, the payment schedule, and Plaintiffs'

remedies in the event of default, are fair and reasonable. (*See* Sett. Agmt. §§ 1 &

12-13). I reach this conclusion for the reasons set forth in counsel's letter (*see* Ltr.

at 2-3) and based on my own assessment of the totality of the circumstances and

consideration of the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), as well as my participation in a settlement conference with the parties held on November 17, 2025.

In particular, Plaintiffs collectively will receive $83,847.74 of the overall settlement amount of $130,000 (with the remainder going to attorney's fees and costs). (Ltr. at 2). This represents approximately 22% of Plaintiffs' total claimed unpaid wages and about 10.5% of Plaintiffs' total claimed damages of roughly $800,000. (*Id.*). This recovery is reasonable particularly given the serious concerns, as noted in counsel's letter (Ltr. at 3), regarding Defendants' ability to pay any judgment that Plaintiffs may have secured at trial. *See Fuentes v. Highgate Cleaners, Inc.*, No. 20 Civ. 3925 (OTW), 2022 WL 14717835, at *2 (S.D.N.Y. Oct. 25, 2022) (noting that "one of the main driving factors in approving [a] settlement agreement" under *Cheeks* can be "Defendants' assertion of a limited ability to pay").

Second, I also find the non-economic terms of the Settlement Agreement to be fair and reasonable. The Settlement Agreement does not contain a confidentiality provision or a non-disparagement clause. Further, the release in the Settlement Agreement is limited to claims that were or could have been asserted under the FLSA, New York's Labor Law and Wage Theft Prevention Act, and other local, state, or federal wage laws. (Sett. Agmt. § 3).

Third, the amounts payable to Plaintiffs' counsel for attorney's fees and costs are fair and reasonable. Plaintiffs' counsel will receive a contingency fee representing 33.33% of the amount recovered after reimbursement to counsel of

costs in the amount of $4,291.25.  (Ltr. at 3; Morales Decl. ¶ 23).  The fee award is consistent with Plaintiffs' retainer agreement with counsel (Ltr. at 3) and with prevailing practice in FLSA cases.  *See Vargas v. Pier 59 Studios L.P.*, No. 18 Civ. 10357 (VSB), 2021 WL 6066088, at *2 (S.D.N.Y. Nov. 4, 2021) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.").  Notably, the fee award is less than Plaintiffs' counsel's lodestar calculation of $76,077.50 based on approximately 228 hours of work expended on this case, which went through full discovery.  (Ltr. at 4; Morales Decl. ¶ 25).  Counsel has adequately documented both its fees and its costs.  (Dkt. Nos. 44-2 & 44-3).

Finally, as the parties have specifically requested that the Court retain jurisdiction to enforce the terms of the Settlement Agreement (Sett. Agmt. § 2 & Ex. A), the Court finds it appropriate to retain jurisdiction for this purpose.

Accordingly, the Settlement Agreement is hereby **APPROVED**.  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

DATED:    New York, New York
          December 30, 2025

_____
GARY STEIN
United States Magistrate Judge

3